NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Award of Attorney Fees:

ELIZABETH A. DAVIS, *Respondent/Appellant*,

*v.*

DESERT HIGHLANDS ASSOCIATION, *Appellee*

No. 1 CA-CV 14-0668 FC
FILED 12-10-2015
AMENDED PER ORDER FILED 12-11-15

Appeal from the Superior Court in Maricopa County
No. FC2014-051436
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Best Law Firm, Phoenix
By Cynthia L. Best, Tali Collins, Robert Hendricks, Stephen Vincent
*Counsel for Respondent/Appellant*

Fennemore Craig, P.C., Phoenix
By Jessica Post
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

_____

**S W A N N**, Judge:

¶1        Elizabeth Davis ("Davis") appeals from a family court order requiring her to pay $3,000 in attorney's fees as a sanction to The Desert Highlands Association arising out of her "Expedited Motion for the Court to Order Disclosure of Petitioner's Employee File."  Because the trial court acted well within its discretion in entering the sanction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        This appeal does not relate to the merits of the underlying family law matter -- it relates solely to sanctions imposed as a result of Davis's counsel's conduct of third-party discovery.[1]  On March 24, 2014, Davis's counsel ("Best") served a subpoena *duces tecum* for documents she wished to use at a hearing concerning legal decision-making and parenting time.  The subpoena was directed to Father's employer, The Desert Highlands Association ("the Association"), and requested personnel records, discipline records, financial records, performance reviews, security reports or videos, memoranda, and correspondence since Father's  date of hire.  By its terms, the subpoena required that the records be produced by April 21, 2014.  But Best later informed the Association that she needed the records on April 11 -- before the return date on the subpoena.  On April 3, she requested that the Association produce the records "immediately."[2]

_____

[1]        The underlying family law case was captioned *In re the Marriage of: Ryan D. Davis, Petitioner/Appellee v. Elizabeth A. Davis, Respondent/Appellant,* with *Desert Highlands Association, Appellee* appended.  Our caption has been amended to reflect the real parties in interest in this appeal and should be used henceforth.

[2]        In an e-mail, Best explained the acceleration of production under the subpoena: "It happened because we originally thought 30 days was reasonable to respond but *then* the judge set a temporary orders hearing

¶3            The Association agreed to produce most of the requested records.  It objected that some of the requests -- especially those for security reports, videos and correspondence since the date of hire -- were overbroad and unduly burdensome.  The Association contended the subpoena would require it to review more than 700 hours of video footage and search every e-mail sent during Father's employment.  It also requested that Best agree to a protective order in view of the sensitive nature of its personnel files.  Best first balked at the proposed protective order (writing "[w]e do not understand the concept of disclosing the documents pursuant to a protective order with opposing counsel"), but later agreed to sign a stipulation providing that the files would be used only for the present case.

¶4            While negotiations over the disclosure of Father's records were ongoing, Best indicated in an e-mail on April 3 that she was going to file an expedited motion to enforce the subpoena "so we do not run out of time."  On the same day, Best filed the "Expedited Motion for the Court to Order Disclosure of Petitioner's Employee File," ("the Motion") asking to have all the requested materials produced by April 8, even though the Association had already agreed to provide records before the April 11 hearing date.  Best did not serve the Motion on the Association, and the Association did not become aware of it until April 7 when Father's counsel revealed that it had been filed.

¶5            Because Best refused to withdraw the Motion, the Association filed a response, accompanied by a request for sanctions and attorney's fees.  The court denied the Motion because (1) Davis failed to serve the Association, (2) the Motion did not contain the Ariz. R. Fam. L. P. 65(A)(2)(c) language certifying a good faith effort to resolve the dispute, and (3) the Motion was premature given the April 21 deadline in the subpoena.  The court ultimately granted the Association's request for attorney's fees, and directed counsel for the Association to submit a fee application.

¶6            The Association's requested fees totaled $7,847.  Davis challenged this amount as unreasonable, contending *inter alia* that the actual disclosure of records had only taken 12 minutes and that the Association's counsel's billing rate was excessive.  In addition to her response, Best also submitted a sur-reply, which the court struck as

for April 11 and that sped up the timetable."  (Emphasis added.)  This statement was false.  The court had set the April 11 hearing on March 10, 2014 -- two weeks before Best served the subpoena.

unauthorized.  The court ultimately ordered Davis to pay $3,000 in fees, and certified its order as final under Rule 78(B).  Davis appeals.

## DISCUSSION

¶7        We review an award of attorney's fees for abuse of discretion.  *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

¶8        On behalf of Davis, Best filed a 55-page appellate brief to defend her actions in this $3,000 dispute.  On appeal, Davis contends that the proceedings regarding the subpoena and her Motion were not unreasonable and did not cause undue expense or burden to the Association.  She argues that the award should be reduced to $73 -- compensation for the time Davis claims the Association actually spent complying with the subpoena.

¶9        Ariz. R. Fam. L. P. 52(C)(1) requires that the party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  It also allows the court to award reasonable attorney's fees to sanction breaches of that duty.  *Id.*  Because the record amply supports the trial court's conclusion that Best's actions were unreasonable and imposed undue expense on the Association, we affirm the award of attorney's fees.

¶10        Best knew or should have known the April 11 hearing date before she sent the subpoena to the Association.  It was her failure to choose the proper return date for the subpoena that led to her attempts to shorten the time for compliance.  Further, Best filed the Motion *after* the Association agreed to produce the majority of the requested documents early.  Best did not include with the Motion the required Ariz. R. Fam. L. P. 65(A)(2)(c) certification that she had attempted to resolve the discovery dispute by meeting and conferring with the Association.  Finally, she failed to serve the Motion on the Association.  These facts support the conclusion by the trial court that Best did not take reasonable actions to avoid imposing undue burden or expense.  Indeed, given the high level of cooperation that Best received from the Association, it is difficult to discern how the discovery dispute was anything other than imaginary.  Put simply, no motion should ever have been filed.

¶11        The Association is a non-party to the underlying action.  The expense it incurred in responding to the subpoena and the machinations Best employed to accelerate compliance were not functions of its own wrongdoing and could never have inured to its benefit.  The courts should be vigilant in such circumstances to ensure that counsel are discouraged

from imposing any greater cost on non-parties than absolutely necessary. Without the Motion, the Association would have saved the cost of preparing every filing it was to submit in this case.

¶12       The family court properly awarded fees against Davis to compensate the Association for wasteful expenditures necessitated by Best's transformation of routine subpoena compliance into a litigated discovery dispute.   Indeed, the court was measured in the sanction it chose, limiting its award to less than half of the fees requested by the Association.  On this record, Davis has not come close to showing that the trial court abused its discretion by awarding fees greater than it properly should have awarded.  We also would have considered an award of the entire amount sought by the Association reasonable under the circumstances here.

## CONCLUSION

¶13       For the foregoing reasons, we affirm the trial court's award of attorney's fees.  Both the Association and Davis request an award of attorney's fees on appeal.   Given the frivolous nature of the appeal, Davis's request is denied.   In exercise of our discretion, we award reasonable attorney's fees in favor of the Association and against Davis's counsel only under ARCAP 25, subject to the Association's compliance with ARCAP 21(c).

¶14       We forward this decision to the State Bar of Arizona for disciplinary investigation.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt